IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                 Plaintiff,                          ORDER

           v.                                 08-cr-00142-bbc-1

FAITH A. SMITH,

                 Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Faith A. Smith's probation was held on October 23, 2012, before U.S. District Judge Barbara B. Crabb. The government appeared by Assistant U.S. Attorney David J. Reinhard. Defendant was present in person and by counsel, Associate Federal Defender Kelly A. Welsh. Also present was Senior U. S. Probation Officer Kelley M. Gustaveson.

From the record and the parties' stipulation, I make the following findings of fact.

FACTS

Defendant was sentenced in the Northern District of Illinois on February 29, 2008, following her conviction for theft of funds from a program receiving federal funds in violation of 18 U.S.C. § 666(a)(1)(A). This offense is a Class C felony. Defendant was sentenced to a five-year term of probation.

Defendant began her term of probation on February 29, 2008, in the Western District of Wisconsin. On September 15, 2008, jurisdiction in this case was transferred to

the Western District of Wisconsin. Defendant began gambling again, resulting in a modification of her conditions of probation on October 28, 2008, with the addition of Special Condition No. 4, prohibiting her from participating in any form of gambling, and Special Condition No. 5, requiring her to complete a 60-day placement at a residential reentry center.

Defendant violated special instructions regarding the payment of criminal monetary penalties of at least 15 percent of her net monthly income toward restitution and Standard Condition No. 3, requiring her to follow the instructions of the probation officer, as evidenced by her failure to pay an additional $400 each month as instructed by the probation officer on June 22, 2012.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that the court may revoke probation, extend the term of probation or modify the conditions of probation upon a finding of a Grade C violation.

CONCLUSIONS

Defendant's violations warrant revocation. Accordingly, the five-year term of probation imposed on defendant on February 29, 2008, will be revoked.

Defendant's criminal history category is I. With a Grade C violation, defendant has an advisory guideline term of imprisonment of 3 to 9 months. The statutory maximum to which defendant can be sentenced upon revocation is ten years pursuant to 18 U.S.C. §

666(a)(1)(A), the governing statute for her original offense.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence at the bottom of the guideline range. The purpose of this sentence is to hold defendant accountable for her behavior.

ORDER

IT IS ORDERED that the period of probation imposed on defendant on February 29, 2008 is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of three months, with no supervision to follow.

Defendant is neither a flight risk nor a danger to the community. Accordingly, execution of the sentence of imprisonment only is stayed until November 15, 2012, between the hours of 10:00 a.m. and noon, when defendant is to report to an institution to be designated by further court order. The present conditions of her supervised release are continued until November 15, 2012.

Defendant does not have the financial means or earning capacity to pay the cost of her incarceration.

Entered this 23d day of October 2012.

BY THE COURT:

/s/

Barbara B. Crabb

District Judge